```
IN THE UNITED STATES DISTRICT FOR EASTERN OF TENNESSEE
                    AT KNOXVILLE

DERRY EVANS, as surviving,         )
Natural parent and next of kin     )
of JOSHUA EVANS, Deceased,         )
                                   )
     Plaintiffs,                   )
                                   )
v.                                 )    No. _____
                                   )
KNOX COUNTY, TENNESSEE,            )
JOHN DOE, individually and         )
in his official capacity as an     )
corrections officer for Knox       )
County Sheriff's Department,       )
and JOHN DOES acting in concert,   )
                                   )
     Defendants.                   )
```

## COMPLAINT

Comes now the Plaintiff, DERRY EVANS, surviving natural parent and next of kin of JOSHUA EVANS, by and through counsel and sues the Defendants, KNOX COUNTY, Tennessee, and JOHN DOE and JOHN DOES, acting in concert, in their individual and official capacity pursuant to 42 U.S.C. § 1983 for the violation of the Plaintiff's decedent's constitutional rights, and state law claims pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-101, et seq., and for their cause of action would show as follows:

### I.   PARTIES

1. The Plaintiffs, DERRY EVANS, IS the surviving natural parent and next of kin to Joshua Evans, who died on

1

January 15, 2019 in the Knox County Detention Facility in Knoxville, Tennessee.

2. The Defendant, Knox County, Tennessee, is a political subdivision of the State of Tennessee, operates and establishes policy for the Knox County Sheriff's Department and the Knox County Detention Facility. Defendant Knox County, Tennessee is an entity subject to suit pursuant to 42 U.S.C. § 1983 and may be served with process through its Mayor, Glenn Jacobs, City County Building, 400 Main Street SW #615, Knoxville, Tennessee 37202. The Doe Defendants are sued in their individual and official capacities. The Doe Defendants will be identified during discovery and names will be substituted. Because Tennessee employs a discovery rule on its statute of limitations and because of the federal doctrine of equitable tolling, the statute of limitations has not run or even began to run on the unidentified Doe Defendants

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1343 as this action is predicated on the violation of the federal constitutional rights of the Plaintiff. Venue is appropriate pursuant to 28 U.S.C. § 1391. This

Court has jurisdiction over Plaintiff's state claims pursuant to pendent jurisdiction recognized in federal law and in Rule 18 of the Federal Rules of Civil Procedure.

## II. FACTS

4. On or about January 14, 2019, Plaintiff's decedent (hereinafter referred to as "Evans") was incarcerated at the Knox County Detention Facility and was scheduled for a court appearance that day.

5. Upon arrival for court, counsel for Evans was informed by Knox County Sheriff's Deputies assigned to that courtroom, that he (Evans) would not be able to attend court due to the fact that he was vomiting blood.

6. That the next day, on the evening of January 15, 2019, Evans' father, Derry Evans was visited at his home by two Knox County Sheriff's deputies, and was informed that his son was found dead in his cell at the Knox County Detention Facility.

7. The Knox County Attorney General for the 6th Judicial Circuit requested an investigation by the Tennessee Bureau of Investigation.

8. After the investigation was completed, no charges were filed, and no disciplinary action was taken against any Knox County Sheriff's Department personnel.

3

9. The Tennessee Bureau of Investigation agent stated that he believed that Evans had fallen and struck his head, which caused the death of the Evans.

10. Plaintiff avers that the deliberate and intentional acts of the employees of Defendant Knox County, Tennessee, acting in the scope of their employment and under color of law, Defendant John Doe and John Does acting in concert with one another engaging in the use of excessive force against Evans.

11. Plaintiff avers that Defendant Knox County has failed to properly train and supervise their agents in the proper use of force, and their establishment of practices, policies and procedures in handling prisoners that resulted in excessive force and deliberate indifference and caused the deprivation of the constitutional rights guaranteed to Evans under the United States Constitution.

12. Plaintiff avers that the Defendants John Doe, individually, and/or John Does acting in concert, are one or more officers acting in the scope of their employment under color of law, killed Evans, or neglected Evans serious medical condition so profoundly that Evans died under the circumstances

where no reasonable officer would have acted or omitted.

13. Defendants John Doe, and/or John Does are not entitled to qualified immunity.

14. Defendants John Doe, and/or John Does are sued in their official and individual capacities. The Doe Defendants will be identified during the discovery process and the actual names of these Defendants will be substituted, and because Tennessee follows the discovery rule with regard to statute of limitations and due to the federal rule of equitable tolling, the statute of limitation has not run or even began to run with regard to the unidentified Doe Defendant(s).

### III. CAUSES OF ACTION

15. The Defendants violated the Plaintiff decedent's (Evans) clearly established federal constitutional rights as a pretrial detainee through use of excessive force against him that would violate the due process clause of the Fourteenth Amendment that would be analogous to the Eighth Amendment rights of prisoners. Plaintiff avers that the killing of his son and/or the deliberate indifference to the decedent's serious medical condition was the proximate cause of his

5

injuries, substantial mental anguish, pain and suffering.

16. The Defendant Knox County, Tennessee violated the Plaintiff decedent's clearly established federal constitutional rights by acquiescing to the cruel and unusual treatment of the Plaintiff's decedent in violation of the due process clause of the Fourteenth Amendment that would be analogous to the Eight Amendment rights of prisoners. Plaintiff avers that Defendant Knox County, Tennessee implicitly authorized, approved, and knowingly acquiesced in the aforementioned unconstitutional conduct.

17. Plaintiffs further avers that Defendant Knox County, Tennessee is liable to Plaintiff's decedent in that (1) the policies and/or customs of Knox County, Tennessee was the moving force behind the violation of Plaintiff's federal constitutional rights, (2) Defendant Knox County, Tennessee is the final policy maker of Knox County Sheriff's Department relative to use of force by corrections officers in the Knox County Detention Center, (3) Defendant Knox County, Tennessee was deliberately indifferent to the training of jail staff relative to the use of force and treatment of inmates, and/or the deliberate

indifference to the serious medical condition of the decedent (4) Defendant Knox County, Tennessee ratified the actions of the jail staff regarding excessive force and abusive treatment of Plaintiff's decedent, and/or the deliberate indifference to the decedent's serious medical condition and accordingly, incurs § 1983 liability for the same.

18. As a direct result of the unconstitutional conduct of the Defendants, the Plaintiffs' decedent suffered extreme physical pain and suffering, substantial mental anguish and loss of life.

19. Plaintiff avers that his son was intentionally killed by Defendants John Doe and/or John Does Plaintiff respectfully submits and sue the Defendants for the wrongful death of Joshua Evans, and sue for the damages sustained including but not limited to, medical expenses, reasonable funeral expenses, emotional shock, fright and distress of the deceased, the value of the life of the deceased, and lost consortium of Derry Evans, surviving natural parent and next of kin of Joshua Evans. Tennessee Code Annotated §20-5-113, et seq. and U.S.C. §1983 and §1988.

20. Plaintiffs aver that the Defendants John Doe and/or John Does are liable individually and in concert to the Plaintiffs' decedent for common law assault.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiffs, Derry Evans, as surviving parent and next of kin of Joshua Evans, deceased, demands judgment against the Defendants, Knox County, Tennessee, and John Doe and/or John Does, individually and in their official capacities as follows:

1. That Plaintiffs should be awarded on behalf of his deceased son compensatory damages in an amount of Twenty Million Dollars.
2. That Plaintiffs Derry Evans be awarded Five Hundred Thousand Dollars for loss consortium.
3. That Plaintiff be awarded punitive damages against the individual Defendants in an amount to be proven at trial.
4. That the Plaintiffs be awarded pre-judgment and post-judgment interest at the highest rate allowable by Tennessee law.

5. That the Plaintiff be awarded his attorney's fees and discretionary costs in this action pursuant to 42 U.S.C. § 1988.
6. That the Court grant any further relief as it may deem appropriate.
7. That Plaintiff demands a jury to try this cause.

Respectfully submitted this 14th day of January 2020.

*/s/Patrick L. Looper*
**PATRICK L. LOOPER   BPR#020857**
**Attorney for the Plaintiffs**
**800 S. Gay Street, Suite 2000**
**Knoxville, Tennessee 37929**
**865/522-3616**
**patllooper@aol.com**